IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN M. PEASE,<br><br>        Plaintiff,<br><br>   v.<br><br>AMERICAN FAMILY LIFE INSURANCE COMPANY OF COLUMBUS (AFLAC)<br><br>        Defendant. | HONORABLE RENÉE MARIE BUMB<br><br>Civil Action<br>No. 18-17667 (RMB/KMW)<br><br>**OPINION** |

APPEARANCES:

David S. DeWeese, Esq.
THE DEWEESE LAW FIRM P.C.
3200 Pacific Avenue
Wildwood, NJ 08260
    Attorney for Plaintiff

Jaclyn D. Malyk, Esq.
D'ARCAMBAL OUSLEY & CUYLER BURK, LLP
Four Century Drive, Suite 350
Parsippany, NJ 07054
    Attorney for Defendant

**BUMB**, District Judge:

**I. INTRODUCTION**

    This matter is before the Court on Plaintiff Ann M. Pease's (hereinafter, "Plaintiff") motion to remand this action to state court. [Docket Item 5.] The sole issue before the Court is whether the thirty-day statutory period to seek removal under 28 U.S.C. § 1446(b) commences when the summons and complaint are served only on a defendant's statutory agent, here, the Commissioner of Banking and Insurance. For the reasons set forth below, the Court will

continue to apply the reasoning of most courts, including this one, and hold that the thirty-day period under Section 1446(b) does not begin until a defendant actually receives the summons and complaint. Accordingly, the Court will deny Plaintiff's motion to remand because Defendant's notice of removal was timely.

**II. BACKGROUND**

This action, which involves a dispute over insurance coverage, began in the Superior Court of New Jersey, Law Division, Cape May County, in November 2018. On November 23, 2018, Plaintiff served a copy of the summons and complaint on the New Jersey Commissioner of Banking and Insurance (hereinafter, "the Commissioner"), as permitted by Section 17:32-2(c), N.J. Stat. Ann. (Cert. of Pl.'s Counsel [Docket Item 5-1] at ¶ 3; Pl. Ex. A. [Docket Item 5-1]). The Commissioner, which is Defendant's statutory agent, sent the summons and complaint to Defendant, via its registered agent, Corporation Service Company (hereinafter, "CSC").[1] CSC received the summons and complaint from the Commissioner on November 29, 2018. (Kirvan Aff. [Docket Item 11-1] at ¶ 7; Def. Ex. B. [Docket Item 11-3]). On December 28, 2018, thirty-five days after the Commissioner was served, but twenty-nine days after the Commissioner mailed the initial pleadings to

---

[1] CSC is Defendant's agent in fact and is authorized for receipt and intake of service of process on behalf of Defendant. (Kirvan Aff. [Docket Item 11-1] at ¶ 5-6).

2

Defendant's registered agent, Defendant filed a notice of removal with this Court. [Docket Item 1.] Plaintiff's present motion to remand followed. [Docket Item 5.]

### III. DISCUSSION

Plaintiff contends that Defendant did not file its notice of removal within thirty days of service of process as required by 28 U.S.C. § 1446(b). Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). According to Plaintiff, this thirty-day period should commence as soon as service is made on a statutory agent.

However, this Court and most courts to consider this question have held that the thirty-day period for removal does not commence with service on a statutory agent, but instead when the defendant receives the summons and complaint. Tucci v. Hartford Fin. Servs. Grp., Inc., 600 F. Supp. 2d 630, 632-33 (D.N.J. 2009) (denying remand on similar factual circumstances, reasoning, in accordance with the majority rule, that the thirty-day period does not commence until defendant actually receives the initial pleadings and that the receipt by the defendant's statutory agent does not

3

constitute receipt by the defendant); see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (Rev. 4th ed.) ("[I]t now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service").

As this Court explained in Tucci, statutory agents, unlike agents in fact or registered agents, "are not true agents but are merely a medium for transmitting the relevant papers." Tucci, 600 F. Supp. 2d at 633; see also Wright & Miller, supra. Accordingly, this Court reiterates, consistent with Tucci and the collective wisdom of the federal judiciary, that receipt by a statutory agent does not constitute "receipt by the defendant" under Section 1446(b). Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519, 520 (W.D.N.Y. 1996) ("A strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings."); Mahony v. Witt Ice & Gas Co., 131 F. Supp. 564, 568 (W.D. Mo. 1955) ("Receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination."). To find to the contrary would contravene Congress' intent to ensure that defendants know that they are the subject of a suit and as well as the basis for the suit before the removal period begins. See Murphy

4

Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351-52 (1999).

In sum, the result in Tucci is still appropriate today: "where service is made on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the initial pleading." Tucci, 600 F. Supp. 2d at 636. Here, Defendant filed their notice of removal within thirty days of their appointed agent's receipt of the initial pleadings from the Commissioner. (Def.'s Opp'n Br. [Docket Item 11]). Plaintiff did not choose to file a reply brief and only argues that the thirty-day period should have commenced once the Commissioner was served. (See generally Cert. of Pl.'s Counsel [Docket Item 5-1]). However, as explained above, this is incorrect. Therefore, the Court will deny Plaintiff's motion to remand.

## IV. CONCLUSION

For the forgoing reasons, the Court will deny Plaintiff's motion for remand, because Defendant filed their notice of removal within thirty days of Defendant's receipt of process. An accompanying Order shall be entered.

**July 31, 2019**　　　　　　　　　　s/Renée Marie Bumb
Date　　　　　　　　　　　　　　　RENÉE MARIE BUMB
　　　　　　　　　　　　　　　　　U.S. District Judge